1  Stuart A. Shanus (SBN 188046)
   sshanus@reedsmith.com
2  Miles M. Cooley (SBN 206783)
   mcooley@reedsmith.com
3  Rachel A. Rubin (SBN 263753)
   rrubin@reedsmith.com
4  REED SMITH LLP
   1901 Avenue of the Stars, Suite 700
5  Los Angeles, CA  90067
   Telephone:  310.734.5200
6  Facsimile:   310.734.5299

7  Attorneys for Plaintiff
   Mark McHenry

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11  MARK MCHENRY, an Individual,          **CV11   02636 JHN VBKx**

12               Plaintiff,               **COMPLAINT FOR:**

13        vs.                             **1. FEDERAL RACE
                                             DISCRIMINATION (VIOLATION
14  CDM RESTAURANT, INC., doing              OF 42 U.S.C. § 2000A(A), *ET
    business as LANDMARK                     SEQ.*);**
15  STEAKHOUSE, a California Corporation;
    and DOES 1- 10, Inclusive,           **2. FEDERAL RACE
16                                           DISCRIMINATION (VIOLATION
                 Defendants.                 OF 42 U.S.C. 1981 *ET SEQ.*);**
17
                                          **3. FEDERAL RACE
18                                           DISCRIMINATION (VIOLATION
                                             OF 42 U.S.C. 1985 *ET SEQ.*);**
19
                                          **4. VIOLATION OF CAL. CIVIL
20                                           CODE § 51 (A), THE UNRUH
                                             CIVIL RIGHTS ACT**
21
                                          **5. LIBEL PER SE;**
22
                                          **6. LIBEL PER QUOD;**
23
                                          **7. INTENTIONAL INFLICTION OF
24                                           EMOTIONAL DISTRESS; AND**

25                                        **8. NEGLIGENT INFLICTION OF
                                             EMOTIONAL DISTRESS**
26
                                          **DEMAND FOR JURY TRIAL**
27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

---

COMPLAINT

US_ACTIVE-105413006

## PRELIMINARY STATEMENT

1.     Plaintiff Mark McHenry ("Plaintiff" or "McHenry"), an African-American, seeks redress for discrimination on account of race suffered by him in violation of the Constitution and laws of the United States and the State of California, while a guest lawfully on the premises of the Landmark Steakhouse in Corona Del Mar, California.  Plaintiff McHenry brings this action against CDM Restaurant, Inc., doing business as Landmark Steakhouse, and Does 1-10, inclusive, (collectively "Defendants" or "Landmark") for race discrimination under Title II Civil Rights Act of 1964, 42 U.S.C §2000a(a) *et seq.*, 42 U.S.C. §§ 1981, 1985, violation of the Unruh Civil Rights Act, California Code section §51(a), libel per se, libel per quod, intentional infliction of emotional distress, negligent infliction of emotional distress, and under the statutory and common law of the State of California based on Defendants' blatant unfair and unequal treatment of Plaintiff McHenry based on his race, publication of racial epithets, and multiple events of racial discrimination. Plaintiff McHenry seeks to enjoin Landmark's discriminatory conduct and to recover monetary damages resulting from its acts.

## THE PARTIES

2.     Mark McHenry is an African-American citizen of the state of California.

3.     Plaintiff McHenry is informed and believes that CDM Restaurant, Inc., doing business as Landmark Steakhouse (the "Restaurant"), is a California corporation with its principal place of business at 3334 East Coast Highway, #418, Corona del Mar, California, 92625.  The Restaurant is located at 3520 East Coast Highway, Corona Del Mar, California, 92625; (949) 350-3104.  The Restaurant is a full service bar and restaurant.  Defendant Landmark has denied Plaintiff McHenry equal treatment under the law and has discriminated him on the basis of his race in violation of Plaintiff McHenry's rights.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to Plaintiffs,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  who therefore sues these Defendants by their fictitious names.  Plaintiff is informed

2  and believe, and based thereon alleges, that each of these Defendants are in some

3  manner responsible for the damages described in this Complaint, either contractually

4  or tortiously, and caused damage to Plaintiff as herein alleged.    When Plaintiff

5  ascertain the true names and capacities of DOES 1 through 10, inclusive, it will seek

6  leave of this Court to amend the Complaint to allege the same.

7      5.    Plaintiff is informed and believe, and based thereon alleges, that at all

8  times relevant herein, each of the Defendants was the agent, servant, employee, joint

9  venturer and/or co-conspirator of each of the other Defendants, and that each of the

10  acts alleged to have been done by each Defendant was done in that Defendant's

11  capacity as the agent, servant, employee, joint venturer and/or co-conspirator of the

12  other Defendants.

### JURISDICTION AND VENUE

14      6.    This Court has original jurisdiction over the subject matter of this action

15  pursuant to 28 U.S.C. § 1331.  The Court has jurisdiction over the state law claims

16  asserted herein under the doctrine of supplemental jurisdiction because they form part

17  of the same case or controversy under Article III of the United States Constitution.

18      7.    Venue is proper in this judicial district pursuant to 28 U.S.C.

19  § 1391(B)(2) and (3) because it is a judicial district in which the Defendants reside

20  and is where a substantial part of the events giving rise to the claims asserted herein

21  occurred here and Defendants were and are subject to personal jurisdiction in this

22  district at the time the action was commenced.

### FACTUAL BACKGROUND

24      8.    In May 2005, Mark McHenry left his family and friends in Chicago to

25  take a promotion at his job in Sacramento, California.   In March 2007, Plaintiff

26  McHenry transferred within his company to Orange County, California.    He chose to

27  settle in Corona Del Mar for its proximity to the beach, walkability, and the vibrant

28  strip of bars and restaurants along the Pacific Coast Highway, which includes

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Landmark Steakhouse.

2       9.    Plaintiff McHenry is African American.  The vast majority of Corona Del

3   Mar's population is Caucasian, followed by a small minority of Asian or Pacific

4   Islanders.  African Americans are one of the smallest minorities in the area.

5       10.    Plaintiff McHenry began visiting the Landmark Steakhouse shortly after

6   moving to Orange County, and continued to visit anywhere from two to three times a

7   week, both alone and with friends.  He considers himself a regular at the bar, and, up

8   until the events described below, he considered the Landmark employees friends.

9       11.    The vast majority if not all patrons at the Restaurant on all occasions on

10   which Plaintiff has visited have been Caucasian.

11       12.    In 1980, Plaintiff McHenry was diagnosed with kidney failure, and began

12   treatment for dialysis.  He has had three unsuccessful kidney transplants.  After the

13   last failed transplant, Plaintiff McHenry had to leave his job and go on full time

14   dialysis.  He goes to dialysis treatment alone for three and a half hours, three days a

15   week, and manages his care and medical needs without the help of his family, who are

16   still in Chicago.

17       13.    Plaintiff generally does not discuss his kidney failure and treatment with

18   anyone, but chooses to share it only with friends.  Plaintiff has discussed his dialysis

19   treatment with Landmark employees.

20       14.    Landmark employees occasionally made comments to Plaintiff McHenry

21   like "black is the new white," or would comment that he was "getting served before

22   the white people."  While Plaintiff McHenry did not necessarily like these comments,

23   he let them go.

24       15.    Plaintiff is informed and believes, and on that basis alleges that he recalls

25   at least one, if not more, instance in which Landmark employees were standing near

26   the cash register computer looking at the screen, then looking at him, then back at the

27   screen and laughing a bit with one another.  Because Plaintiff and his friends liked the

28   bar and because he felt he was developing positive, friendly relationships with

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Landmark employees, Plaintiff never confronted the employees about these instances,
2  but they always stuck in his mind.

3      16.   On Sunday, December 5, 2010, Corona Del Mar held its annual
4  Christmas Walk, (the "Walk") a day of shopping and socializing in which stores and
5  restaurants fifteen (15) blocks on either side of the South Coast Plaza Mall along the
6  Pacific Coast Highway ("PCH") are open to the public.

7      17.   Thousands of people come out for the Walk each year, and the festivities
8  often go late into the night until the bars and restaurants close.  Many attendees see the
9  Walk as a pub crawl, and use the day to visit the beer garden and other bars along the
10 walk.  On information and belief, Caucasians made up the majority of participants in
11 the Walk on December 5, 2010.

12     18.   The Restaurant participated in the Walk on December 5, 2010.  It is
13 always a popular venue, and often has lines to get in on Friday and Saturday nights.
14 On the night of the Walk, the Restaurant had a long entry line.

15     19.   Plaintiff McHenry participated in the Walk with some of his friends.  He
16 arrived at the Restaurant in the late afternoon on December 5, 2010.  There was a long
17 line.  A Restaurant manager saw Plaintiff in the line and, upon information and belief,
18 the manager brought Plaintiff into the bar through the kitchen and ahead of the line
19 because Plaintiff was a regular.

20     20.   Plaintiff had a few drinks, paid his tab, tipped the bartenders, left the
21 merchant copy of the receipt, and then left the Restaurant with his friends for another
22 venue.

23     21.   Later that evening, Plaintiff and his friends returned to the Restaurant.
24 The Restaurant was still very full and the bar was busy.

25     22.   At the end of the night, Plaintiff got his tab from the bartenders, paid it,
26 tipped the bartenders, left the store copy of the receipt on the bar, and left the
27 Restaurant.

28     23.   Plaintiff is informed and believes, and on that basis alleges that at the

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

times Plaintiff McHenry was at the bar at the Restaurant on the day and night of the Walk, Plaintiff McHenry was one of very few African-American individuals in the bar. The vast majority of patrons were Caucasian.

24. The next morning, Plaintiff McHenry reviewed his receipts from the Walk. He was shocked and appalled to read the Landmark receipts.

25. The first Landmark receipt was generated at 7:13 p.m. from Bar 2. Landmark employees handed this receipt to McHenry. In the space designated for customer name were the words "Mc Stinkynigger/1." A true and correct copy of this receipt is attached hereto as Exhibit A.



26. At 12:25 a.m., a second receipt from Bar 2 was generated for Plaintiff McHenry. Landmark employees handed this receipt to him as well. In the space designated for customer name were the words "Mc Nigshit/1." A true and correct copy of this receipt is attached hereto as Exhibit B.



27.   These offensive racial epithets on the Landmark Restaurant receipts caused Plaintiff McHenry immediate mental anguish, emotional distress, and anger.

28.   Plaintiff McHenry suffered extreme embarrassment and mental distress for patronizing a business and for being friendly with bartenders who were making a public mockery of him without his knowledge.  He feels like the butt of an ongoing and cruel joke.

29.   Plaintiff is informed and believes, and on that basis alleges, that Landmark employees enter a customer name or other identifying word into the customer name field on the register computer while that customer's tab is open. Landmark employees then use this feature to identify a customer.   Landmark bartenders also have the power to change this customer identification in the computer at any time the tab is open.

30.    Plaintiff is informed and believes, and on that basis alleges, that the words entered into the customer name field are viewable on the computer screen to all Landmark employees who add an item to a particular tab.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

31.     Plaintiff is informed and believes, and on that basis alleges, that multiple Landmark employees did or should have seen the derogatory description of Plaintiff on the computer screen.

32.     Plaintiff is informed and believes, and on that basis alleges, that at least one Landmark employee knew or should have known that these racial slurs appeared on the printed receipts Landmark generated and gave to Plaintiff.

33.     Plaintiff is informed and believes, and on that basis alleges, that Landmark employees have been entering racial epithets into the customer name field on his tabs over an extended period of time.  Plaintiff is informed and believes, and on that basis alleges, that some Landmark employees made a custom and practice of entering such derogatory remarks on his tabs, then changing the customer name to "Mark McHenry," for example, before printing the receipt.

34.     Plaintiff is informed and believes, and on that basis alleges, that the instances in which he recalls Landmark employees laughing around the computer registers and looking at him were motivated by such racially discriminatory practices.

35.     Plaintiff is informed and believes, and on that basis alleges, that in the two instances here, the Landmark employees did not change the racial epithets that regularly appeared in the customer name field on Plaintiff's tab, and printed the receipts with the offensive language intact.

36.     Plaintiff is informed and believes, and on that basis alleges, that the Landmark employees' disparate treatment of Plaintiff was based solely on Plaintiff's race.

37.     Plaintiff received two copies of each receipt – one customer copy and one merchant copy each.  Plaintiff is informed and believes, and on that basis alleges, that Plaintiff signed the merchant copy and left it on the bar for the Landmark bartenders each time.

38.     Plaintiff kept the customer copy for himself in each case.

39.     Plaintiff is informed and believes, and on that basis alleges, that because

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Landmark was so busy that night, receipts often sat on the bar for a period of time
2  before they were picked up by Landmark employees.   During that time, other
3  Landmark customers could easily read the racial epithet in place of Plaintiff's name
4  on the receipt, and know that it was intended as an insult against Plaintiff.

5      40.    Plaintiff is informed and believes, and on that basis alleges, that any
6  individual viewing these receipts could see the racial epithets were derogatory and
7  discriminatory against African Americans in general.

8      41.    Plaintiff is informed and believes, and on that basis alleges, no racial
9  epithets against Caucasian patrons or patrons of other races or ethnicities, to the extent
10  such persons were in the Landmark Restaurant on December 5, 2010, were printed on
11  other receipts.

12      42.    Plaintiff McHenry has not returned to Landmark since the incident.

13      43.    Shortly after Plaintiff McHenry's discovery of the receipts, a Landmark
14  employee who is a bartender at Landmark and who is Caucasian, began calling and
15  sending text messages to Plaintiff McHenry about the receipts.

16      a.  On December 10th, the employee called and text messaged Plaintiff six
17          times:

18          i.  Voicemail, 5:24 p.m.: "Hey buddy – give me a call when you get
19            a chance. I just want to talk to you for a second."

20         ii.  Voicemail, 5:31 p.m.: "Yo Mark. Hey it's [NAME WITHHELD].
21            Give me a call when you get a chance man.   Just wanted to
22            apologize for that tab, dude. You know we were totally jokin'
23            around. That was that one night. We were totally goofin' around,
24            sayin' "white is the new black" and all that stuff, you know.  We
25            thought we'd put that on there, we thought you'd get a kick out of
26            it, laugh it off, you know, cause you are a total good friend of
27            mine. So give me a call, man. I just wanna talk to you and uh, I'm
28            gonna buy you a bottle of Johnny Walker Blue for your troubles,

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

cause that's bullshit, and uh . .  I don't want you to feel bad about us, and, you know, you're a good friend and I love you man.  I don't want wanna lose ya – as a customer or as a friend, ok? So uh, please give me a call as soon as possible, ok? . . ."

    iii.  Text message, 5:25 p.m..: "call me when u get a chance."

    iv.  Text message, 6:05 p.m.: "Please give me a call! as your friend, give me a chance to apologize."

    v.  Text message, 8:03 p.m.: "mark, u need to know we were joking like we always do like good bruthas do. thats what makes our friendship unique. we would never intentionally try to . . ."

    vi.  Text message, 8:03 p.m. (continued from previous message): ". . .hurt you. we love you man! Please forgive us."

  b.  On December 11th, the employee called and text messaged Plaintiff four (4) times:

    i.  Text message, 9:14 a.m.: "PLEASE, i beg of you, will you call me. i was sent home last night.  if i don't talk to you i will be fired. plaese [sic] mark give me a chance."

    ii.  Voicemail, 1:06 p.m., the employee left a tearful message saying "Hey Mark, it's [NAME WITHHELD] from Landmark. Um, I know you're furious at me. I just wish you'd call me and talk to me. I just wanted to apologize to you – you know I never wanted to hurt you like this. I know I crossed a line, Mark, and I'm so sorry for that dude.  You've always been a good friend – a great friend at that – I just hope you can find it in your heart to forgive me. Um. I don't wanna lose my job -- or a good friend dude. Please give me a call. [sigh] I can make this up to you somehow, I know I can. You know I'll take care of your tab for lifetime at Landmark as long as I work there.  Please give me a call dude. I'm

so stressed out.  I'm really really sorry Mark I put you through this. I'm just a bad person – please forgive me..."

    iii.  Text message, 9:18 a.m.: "i will do whatever you ask of me. i know i made a big mistake by crossing the line. i have a family & mortgage that depend on me. i know ur furious, plea..."

    iv.  Text message, 9:18 a.m.: "se give me 5 minutes!"

c.  On December 13th, the employee sent Plaintiff the same text message twice:

    i.  Text message, 8:26 a.m.: "hey mark, i had a winning week & would like to donate my winnings to you to help out on ur medical costs. im goin to see dean on wed can i meet you afte"

    ii.  Text message, 8:26 a.m.: "...afterwards? i am truly sorry for what happened. Ps. The bar staff and I also have an xmas gift for you. Let me know @."

d.  On December 24th at 5:18 p.m., the employee text messaged Plaintiff again: "merry christmas! hope to see you soon.  we miss you! please forgive us for being stupid. its not the same without you there. luv u bud!"

e.  On January 6, 2011, at 1:04 p.m., the employee left another message that suddenly changed his story. His tone changed from remorse to relief. He said "Hey Mark – it's [NAME WITHHELD] from Landmark Steakhouse. Hey, uh, I know you don't fuckin' wanna talk to me ever again and hate my fuckin' guts, and I understand that, but I just wanna let you know dude, uh I found out who typed that in on your tab name. Uh, it happened on the Christmas Walk, and it was one of our [unintelligible] security guys, [NAME WITHHELD]. I don't know if you remember him or not – uh, the dude from Boston with that accent.  But he said he changed your tab name on the Christmas Walk when we had our backs

turned to him, and uh, thought it was funny and left it there, and uh apparently it stayed there.  So uh, he's the one that did it and I really apologize for it.  Uh he does too.  I told him that you refuse to come in, refuse to talk to us, hate our guts, ha -- all that shit -- and he's like "holy shit – I fucked that up, didn't I?" and I'm like "you sure did."  So I just thought I'd let you know. I know you don't wanna have anything to do with me or us anymore, but I miss you dude. You're the only fuckin' customer that I've ever cared about and it sucks here without ya. So if you find it in your heart, give me a call.  I would love to hear from you dude.  If you just wanna shoot the shit about football, you know? Miss talking to you about football games and bettin' on bowls and all that bullshit.  But give me a call when you get a chance, dude – love to hear from ya brutha. Guess I'll talk to you soon Mark. Bye."

44.    Plaintiff is informed and believes, and on that basis alleges, that the employee's desperate apologies, which were motivated more by a concern for his job or reputation than a concern for the effect of his words and actions on Plaintiff, only made Plaintiff feel worse.

45.    No other employee, representative, or agent of Landmark contacted Plaintiff since the incident until February 2, 2011, when a Landmark manager posted "Miss you Brohhhh!!!" on Plaintiff's Facebook page.

46.    Plaintiff is informed and believes, and on that basis alleges, that the employees at Landmark know that Plaintiff also frequents a bar near Landmark called The Quiet Woman, and also know Plaintiff's friends who still patronize the Landmark.   Plaintiff is informed and believes, and on that basis alleges, that Landmark employees could have sought him out to apologize and address the incident if anything besides their jobs were at stake.

47.    Plaintiff McHenry's alienation, anguish, and embarrassment are ongoing. He does not feel welcome returning to the Restaurant, and indeed this series of events

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

has caused him to question everyone he interacts with in Corona Del Mar. Plaintiff feels robbed of his sense of trust in other people.

48.     Plaintiff McHenry is relatively new to Corona Del Mar, and has few friends and no relatives in the area. He is embarrassed and uncomfortable talking about the chain of events with his friends and acquaintances. The relationships he thought he was developing with the employees of the Restaurant were important to him, and Plaintiff McHenry continues to suffer anguish, embarrassment, and alienation over these false and hurtful relationships.

49.     The repeated actions of Defendant Landmark through its employees and management are not acceptable for a place of public accommodation a civilized society. Rather than operate within the requirements of the law and within social boundaries of common decency, Landmark created and maintained an objectively abusive and hostile environment for Plaintiff McHenry based solely on his race.

50.     These acts were deliberately calculated to make Plaintiff McHenry's experience specifically intolerable and unequal, and to bar him from the premises in the future in the same way as if he had been forcibly removed.

51.     Based upon the foregoing, Plaintiff McHenry has suffered extreme humiliation, embarrassment, loss of enjoyment of life, alienation, and mental anguish for which he seeks compensatory and punitive damages.

52.     Plaintiff McHenry additionally seeks to enjoin Landmark from future racially discriminatory acts.

## FIRST CLAIM FOR RELIEF

### (Federal Race Discrimination – Violation of 42 U.S.C. § 2000a(a), *et seq.*)

53.     Plaintiff McHenry incorporates by reference the allegations contained in paragraphs 1 through 52, above.

54.     Title 42 U.S.C. section 2000a provides that all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   segregation on the grounds of race.

2          55.    Landmark Steakhouse is a public accommodation under Title II of the

3   Civil Rights Act of 1964, 42 U.S.C. § 2000a(b)(2).

4          56.    The operation of Landmark affects commerce within the meaning of 42

5   U.S.C. § 2000a(c)(2).

6          57.    Defendant Landmark and its employees denied Plaintiff McHenry full

7   and equal enjoyment of the goods, services, facilities, privileges, advantages, and

8   accommodations of Landmark because of his race when Landmark employees

9   created, maintained, printed, and distributed multiple receipts bearing anti-African

10  American racial epithets, while similarly situated non-African American customers

11  were given receipts with no such epithets.

12         58.    Defendant Landmark has implemented a policy or practice of denying to

13  African American customers, including McHenry, on account of race or color, the full

14  and equal enjoyment of the goods, services, facilities, privileges, advantages, and

15  accommodations of Landmark on the same basis as it makes such available to non-

16  African American customers.  This policy has been carried out by denying African

17  American customers, including Plaintiff McHenry, equal treatment in terms of the

18  derogatory names displayed on the Landmark bar's computer screens and printed on

19  receipts, and by successfully discouraging African American customers, including

20  Plaintiff McHenry, from visiting Landmark.

21         59.    In addition, as a direct and proximate result of Defendant Landmark's

22  actions, Plaintiff McHenry has suffered and is continuing to suffer injury, loss and

23  damages in an amount according to proof and is entitled to recover from Defendant

24  Landmark monetary damages, costs and attorneys' fees as set forth below.

25         60.    Plaintiff alleges, on information and belief, that Defendant's conduct

26  constitutes both disparate treatment and disparate impact in deliberate and substantial

27  disregard of Plaintiff McHenry's rights.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# SECOND CLAIM FOR RELIEF

## (Federal Race Discrimination - Violation of 42 U.S.C. § 1981, *et seq.*)

61.    Plaintiff McHenry incorporates by reference the allegations contained in paragraphs 1 through 60, above.

62.    Title 42, U.S.C. section 1981 provides that all persons shall have the same right to make and enforce contracts, and to do so freely of racial discrimination and harassment.

63.    Landmark is a place of business that offers members of the public the opportunity to contract for food, beverages, and services, and the attendant entertainment and social benefits thereto.

64.    On information and belief, Plaintiff alleges that Defendant Landmark intentionally denied Plaintiff McHenry the same rights Defendant affords to non-African American persons to make and enforce such contracts, by intentionally engaging in racial discrimination against Plaintiff McHenry in violation of Section 1981 by implementing, sustaining, and failing to monitor a pattern and practice of refusing to contract with McHenry on equal terms when Landmark's employees created racially offensive and derogatory receipts on multiple occasions.

65.    On information and belief, Plaintiff alleges that Defendant Landmark intentionally denied Plaintiff the same rights Defendant affords to non-African American persons to make and enforce such contracts, namely, the rights to make and enforce such contracts free of racial epithets and discriminatory language.

66.    On information and belief, Defendant Landmark was motivated by racial animus when they refused to contract on equal terms with Plaintiff McHenry on the basis of his race.

67.    As a direct and proximate result of Defendant Landmark's conduct, Plaintiff McHenry has suffered and continues to suffer mental anguish, embarrassment, and humiliation.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **THIRD CLAIM FOR RELIEF**

### **(Federal Race Discrimination - Violation of 42 U.S.C. § 1985, *et seq.*)**

68.   Plaintiff McHenry realleges and incorporates by reference the allegations contained in paragraphs 1 through 67, above.

69.   Defendant Landmark's acts as alleged herein constitute racial discrimination under 42 U.S.C. § 1985, *et seq*.   Among other things, Defendant Landmark and its employees and/or agents, or any combination thereof, conspired to deprive Plaintiff McHenry of the equal protection of the law and/or the equal privileges and immunities provided under the law.   This conduct is prohibited under 42 U.S.C. § 1985, *et seq.*, which makes it unlawful for two or more persons in any state to conspire for the purposes of depriving, either directly or indirectly, any person or class of persons the equal protection of the law, or any equal privileges and immunities under the law.

70.   Plaintiff alleges, on information and belief, that a number of Defendant Landmark's employees saw the racially incendiary customer names entered on Plaintiff's bar tabs, but did nothing to change them.   These same employees printed and distributed copies of those receipts to Plaintiff with full knowledge of their contents, and with full knowledge of the fact that other patrons and other employees could view their content.

71.   On information and belief, Defendant Landmark's conduct was deliberate and with substantial disregard to Plaintiff McHenry's rights.

72.   Plaintiff McHenry was injured by this conspiracy and deprived of his rights and privileges under the law.

73.   As a direct and proximate result of Defendant Landmark's conduct, Plaintiff continues to suffer mental anguish, humiliation, and embarrassment, and is entitled to compensation for such injuries as well as other damages to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 51(a) *et seq.* – The Unruh Civil Rights Act)**

74.   Plaintiff McHenry realleges and incorporates by reference the allegations contained in paragraphs 1 through 73, above.

75.   At all times relevant herein, Defendant landmark was and is a business establishment within the meaning of the Unruh Civil Rights Act.   Defendant was the owner, proprietor, lessor, or franchisor of a business establishment engaged in the business of eh sale of food and drink to be consumed on the premises, operating as Landmark Steakhouse, located at 3520 East Coast Highway, Corona Del Mar, California, 92625.

76.   During some if not all times Plaintiff was on the Landmark premises, Plaintiff is informed and believes, and on that basis alleges, that Landmark employees used racially derogatory names to identify him in the Landmark computer system.

77.   During the times Plaintiff was on the Landmark premises on December 5, 2010, receipts and bar tabs such as those Plaintiff incurred were created and distributed to other patrons of Landmark without racial epithets in the "customer name" field.

78.   Defendants denied Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other non-African American persons as alleged herein on account of Plaintiff's race or color.

79.   Defendant intentionally discriminated against Plaintiff on the grounds of his race or color in a business establishment by denying him the full and complete enjoyment of the services, advantages, accommodations, facilities, and privileges provided to other persons in violation of the California Civil Code section 51(a).

80.   As a direct and proximate result of the wrongful acts of Defendant, Plaintiff is entitled to recover statutory damages in an amount according to proof, as well as attorneys' fees as provided in California Civil Code section 52.

81.   The above-recited actions of Defendant were done with malice, fraud, or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   oppression and in reckless disregard for Plaintiff's rights, for which an award of
2   punitive damages is appropriate.

### FIFTH CLAIM FOR RELIEF

#### (Libel Per Se)

5   82.   Plaintiff McHenry hereby incorporates by reference paragraphs 1-81 as if
6   fully set forth herein.

7   83.   The statements made by Defendant Landmark as described above are
8   defamatory and libelous per se in that the defamatory and libelous character of the
9   statement is apparent from the words themselves and injurious to Plaintiff's
10   reputation.

11   84.   Defendants knowingly published and republished fabricated statements
12   to Defendant's employees and to other patrons of the bar, as well as to Plaintiff
13   himself, with the intent that Defendant spread the false and offensive statements to
14   persons at the Landmark bar at the times alleged herein:

15   a.   Defendants knowingly published false and offensive statements when
16       Landmark employees entered such statements into the customer name
17       field on the Landmark register computer(s), which are viewable to all
18       Landmark employees who view those computer screens at the time the
19       customer tab is active.

20   b.   Defendants knowingly republished false and offensive statements each
21       time a Landmark employee viewed the register computer screen that
22       displayed the racial epithets.

23   c.   Defendants knowingly published and republished false and offensive
24       statements when they printed the receipts with racial epithets on
25       December 5, 2010.

26   d.   Defendants knowingly published and republished false and offensive
27       statements when they handed those receipts bearing racial epithets to
28       Plaintiff on December 5, 2010.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

e.  Defendants knowingly published and republished false and offensive statements by leaving the receipts bearing the racial epithets on the bar in full view of other Landmark Steakhouse patrons on December 5, 2010.

85.  In publishing these false, offensive racial epithets against Plaintiff McHenry, Defendants knew the accusations to be false, or acted with reckless disregard for the truth or falsity thereof.

86.  In republishing these false, offensive racial epithets against Plaintiff McHenry, Defendants knew the accusations to be false, or acted with reckless disregard for the truth or falsity thereof.

87.  As a direct and proximate result of defendant's wrongful conduct, Defendant has created a hostile and has caused Plaintiff McHenry to suffer serious damage to his reputation.

88.  The aforementioned conduct of defendant was intentionally and maliciously done for the purpose of depriving Plaintiff of his reputation, dignity, humility, and sense of welcome and safety in the Landmark bar and constitutes despicable conduct in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to an award of punitive damages to punish Defendant's wrongful conduct and to deter future wrongful conduct.

## SIXTH CLAIM FOR RELIEF

### (Libel Per Quod)

89.  Plaintiff McHenry realleges and incorporates by reference the allegations contained in paragraphs 1 through 88, above.

90.  The statements published by Defendant Landmark as described above are libel per quod in that the libelous and defamatory character of the statements is evident when explained by extrinsic facts of the circumstances surrounding and preceding these statements.

91.  The statements made by Defendant are injurious to Plaintiff's reputation.

92.  Defendants knowingly published fabricated statements to Defendant's

employees and to other patrons of the bar, as well as to Plaintiff himself, with the intent that Defendant spread the false and offensive statements to persons at the Landmark bar at the times alleged herein:

    a. Defendants knowingly published false and offensive statements when Landmark employees entered such statements into the customer name field on the Landmark register computer(s), which are viewable to all Landmark employees who view those computer screens at the time the customer tab is active.

    b. Defendants knowingly republished false and offensive statements each time a Landmark employee viewed the register computer screen that displayed the racial epithets.

    c. Defendants knowingly published and republished false and offensive statements when they printed the receipts with racial epithets on December 5, 2010.

    d. Defendants knowingly published and republished false and offensive statements when they handed those receipts bearing racial epithets to Plaintiff on December 5, 2010.

    e. Defendants knowingly published and republished false and offensive statements by leaving the receipts bearing the racial epithets on the bar in full view of other Landmark Steakhouse patrons on December 5, 2010.

93.    In publishing these false racial epithets against Plaintiff McHenry, Defendants knew the accusations to be false, or acted with reckless disregard for the truth or falsity thereof.

94.    As a direct and proximate result of defendant's wrongful conduct, Defendant has created a hostile environment and has caused Plaintiff McHenry to suffer serious damage to his reputation.

95.    The aforementioned conduct of defendant was intentionally and maliciously done for the purpose of depriving Plaintiff of his reputation, dignity,

1   humility, and sense of welcome and safety in the Landmark bar and constitutes
2   despicable conduct in conscious disregard of Plaintiff's rights.  Plaintiff is therefore
3   entitled to an award of punitive damages to punish Defendant's wrongful conduct and
4   to deter future wrongful conduct.

### SEVENTH CLAIM FOR RELIEF

#### (Intentional Infliction of Emotional Distress)

7   96.   Plaintiff McHenry realleges and incorporates by reference the allegations
8   contained in paragraphs 1 through 95, above.

9   97.   Defendant Landmark, by and through its employees, engaged in the
10   outrageous conduct alleged herein intentionally and maliciously for the purpose of
11   causing Plaintiff McHenry to suffer humiliation, mental anguish, and emotional
12   distress.

13   98.   Defendants' conduct was outrageous.  Defendants used highly offensive
14   and derogatory racial epithets in their computer system and on printed receipts that
15   they handed to Plaintiff and that were left on the bar for all other patrons to see.  They
16   chose to behave in this unacceptable manner on multiple occasions without regard for
17   Plaintiff's feelings, reputation, or dignity.

18   99.   At least on the two known times Defendants engaged in this racist
19   conduct, Plaintiff believed the Landmark employees were his friends, and Plaintiff
20   was attending a fun community event where he was having a good time.  Plaintiff did
21   not learn that he was the butt of a cruel joke the entire time until he discovered the
22   receipts.

23   100.   Landmark employees knew their conduct was outrageous, extreme, and
24   hurtful.  A Landmark employee admitted to acts and called himself a "bad person"
25   who had "crossed a line."  The same employee later blamed another employee for the
26   acts, demonstrating that at least two landmark employees were involved in this
27   scheme.

28   101.   As an actual and proximate cause of these outrageous acts by Landmark

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   conducted without due care or common decency, Plaintiff suffered and continues to

2   suffer humiliation, mental anguish, and severe emotional distress.

3       102.   As a result of these racist acts, Plaintiff has lost his trust in the

4   community. He feels like the target of a joke, and feels ridiculed, isolated, angry, and

5   embarrassed.

6       103.   In conducting themselves as herein alleged, Landmark employees were

7   acting within the course and scope of their employment with Landmark.

8       104.   Landmark may be held liable for the acts of its employees.

9       105.   As a direct, proximate, and legal result of the conduct of Defendant

10  Landmark's failure to meet the applicable standards of care, and in breach of their

11  duty to Plaintiff McHenry has suffered injury, suffered mental anguish and severe

12  emotional distress, harm, damages and therefore is entitled to recover damages from

13  Defendants, according to proof at trial.

14  **EIGHTH CLAIM FOR RELIEF**

15  **(Negligent Infliction of Emotional Distress)**

16      106.   Plaintiff McHenry realleges and incorporates by reference the allegations

17  contained in paragraphs 1 through 105, above.

18      107.   Defendants owed Plaintiff a duty to exercise reasonable care in their

19  regulation and management of the Landmark Restaurant, including the duty to

20  exercise reasonable care in hiring and/or supervising those acting on their behalf and

21  at their direction in serving customers at the Landmark Restaurant.

22      108.   However, Defendants negligently breached their duty of care to Plaintiff

23  so as to fall below the applicable standard of care and directly, proximately, and

24  legally cause the harm to Plaintiff as described herein, specifically by (1) failing to

25  comply with the civil rights laws of the United States and the State of California that

26  mandate equal treatment and prohibit racial discrimination, and (2) failing to

27  adequately hire and/or supervise those acting on their behalf and at their direction in

28  serving customers at the Landmark Restaurant.

109.   Defendant Landmark knew or should have known that their failure to exercise due care during the times in question alleged herein, and their failure to train and supervise employees, their entry of the racial epithets into the bar computer, the display of those racial epithets on the computer screen at all times when the bar tabs in question were active, which were visible to all bartenders who added a drink to Plaintiff's tab, printing, and handing the receipts bearing the racial epithets to Plaintiff McHenry in full view and reach of other customers would case Plaintiff McHenry severe emotional distress.

110.   In conducting themselves as herein alleged, Landmark employees were acting within the course and scope of their employment with Landmark.

111.   Landmark may be held liable for the acts of its employees.

112.   As a direct, proximate, and legal result of the conduct of Defendant Landmark's failure to meet the applicable standards of care, and in breach of their duty to Plaintiff McHenry has suffered injury, suffered mental anguish and severe emotional distress, harm, damages and therefore is entitled to recover damages from Defendants, according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mark McHenry prays for judgment against Defendant CDM Restaurants, Inc. et al. as follows:

1.   Declaring that the discriminatory practices of Defendants violate Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

2.   Enjoining Defendants, their officers, employees, and successors, and all other persons in active concert or participation with any of them, from engaging in any act or practice which, on the basis of race or color, denies or abridges any rights secured by Title II of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a et seq.;

3.   For an award of damages in an amount according to proof;

4.   For punitive damages;

5.     For interest;

6.     For reasonable attorneys' fees;

7.     For Plaintiff McHenry's costs in this lawsuit; and

8.     For such further relief as the Court deems just and proper.

DATED: March **29**, 2011

REED SMITH LLP

By _____
Stuart A. Shanus
Miles M. Cooley
Rachel A. Rubin
Attorneys for Plaintiff Mark McHenry

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiffs hereby demand trial by jury.

3

4    DATED:  March 29 , 2011

5                                        REED SMITH LLP

6

7                                        By
                                            Stuart A. Shanus
8                                           Miles M. Cooley
                                            Rachel A. Rubin
9                                           Attorneys for Plaintiff Mark McHenry

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

The Landmark Steakhouse
949.675.5556
3520 E Coast Hwy

Server: BAR 1
Cashier: BAR 2                          12/05/2010
Mc Stinkynigger/1
Guests: 0                                    7:13 PM
                                              20205

Johnny Walker Black (3 @10.00)              30.00
VODKA (2 @8.00)                             16.00
Jack Daniel's                                9.00

Sub Total                                   55.00

Total                                       55.00

**Balance Due          55.00**

Book your holiday party today
NewYears Eve 2011 reservations
Available
CALL FOR DETAILS
(949)675-5556
WWW.LANDMARKNEWPORT.COM

---

The Landmark Steakhouse
949.675.5556
3520 E Coast Hwy

Server: BAR 2                    DOB: 12/05/2010
07:13 PM                              12/05/2010
Mc Stinkynigger/1                     2/20205

VISA                                   1048939
Card #XXXXXXXXXXXX6891
Magnetic card present: MCHENRY MARK
Approval: 019163

          Amount:          55 00

        + Tip: _____

       = Total: _____


X_____
Approval: 019163

**Guest Copy**

---

The Landmark S
949.675.
3520 E Coa

Server: BAR 2
07:13 PM
Mc Stinkynigger/1

VISA
Card #XXXXXXXXXXXX6891
Magnetic card present

EXHIBIT B

```
                Landmark Steakhouse
                949      5556
                      Coast Hwy

    Se                    DOB  11/06/2010
    12      AM               11/     /2010
    C Nigsh  /1                 2/  0140

    VISA                      1048896
    Card #XX/ XXXXXXXXX6891
    Magne ic  ard pr     : MCHENRY MARK
    Approval  00282


                 Amount:          38.00

                 + Tip: _____

                 = Total: _____



    Approval: 000282

                **Guest Copy**
```

```
                The Landmark
                949
                  3520   C

    Se ve  BAR 2
    12  5 AM
    C Nigshit/1

    VISA
    Card #XXXXXXXXXXXXX689
    Magne ic card present
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 2636 JHN (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

------------------------------------------------------------

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Stuart A. Shanus (SBN 188046) sshanus@reedsmith.com
Miles M. Cooley (SBN 206783) mcooley@reedsmith.com
Rachel A. Rubin (SBN 263753) rrubin@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, California 90067
Tel: 310-734-5200 / Fax: 310-734-54299

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCHENRY, an Individual<br><br>PLAINTIFF(S)<br><br>v.<br><br>CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation; and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 02636 JHN VBKx**<br><br><br>**SUMMONS** |

TO:      DEFENDANT(S):  CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California
Corporation; and DOES 1-10, Inclusive

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Stuart A. Shanus , Reed Smith LLP _____, whose address is Reed Smith LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___ MAR 2 9 _____          By: **CHRISTOPHER POWERS** _____
                                                                    Deputy Clerk

                                                                  *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                **SUMMONS**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MARK MCHENRY, an Individual, | CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation; and DOES 1-10, Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Stuart A. Shanus (SBN 188046), Miles M. Cooley (SBN 206783), Rachael A. Rubin (SBN 263753), Reed Smith LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, CA 90067 Tel: 310-734-5200 / Fax: 310-734-5299 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
See attached.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☑ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11    02636

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                                     ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                                     ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                                     ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mark McHenry - Orange County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| CDM Restaurants, Inc. dba Landmark Steakhouse - Orange County<br>Does 1-30 - Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
       **Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   March 29, 2011

Notice to Counsel/Parties:   The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

Plaintiff Mark McHenry brings this action against CDM Restaurant, Inc., doing business as Landmark Steakhouse, and Does 1-30, inclusive, (collectively "Defendants" or "Landmark") for race discrimination under Title II Civil Rights Act of 1964, 42 U.S.C §2000a(a) et seq., 42 U.S.C. §§ 1981, 1985, violation of the Unruh Civil Rights Act, California Code section §51(a), libel per se, libel per quod, intentional infliction of emotional distress, negligent infliction of emotional distress, and under the statutory and common law of the State of California based on Defendants' blatantly unfair and unequal treatment of Plaintiff McHenry based on his race, publication of racial epithets, and multiple events of racial discrimination. Plaintiff McHenry seeks to enjoin Landmark's discriminatory conduct and to recover monetary damages resulting from its acts.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware