RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
Email: c.ridout@ridoutlyonlaw.com
DEVON M. LYON (State Bar No. 218293)
Email: d.lyon@ridoutlyonlaw.com
BRIAN D. JOHNSON (State Bar No. 266513)
Email: b.johnson@ridoutlyonlaw.com
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

Attorneys for Defendant,
**CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MARK MCHENRY, an individual

Plaintiff,

vs.

CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation; and DOES 1-10, inclusive,

Defendants.

CASE NO: CV11-02636 JHN (VBKx)

*Assigned for all purposes to the Honorable Jacqueline Nguyen*

**CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation's Answer to Complaint**

Date Action Filed: March 29, 2011
Trial Date: TBD

Defendant, CDM Restaurant, Inc. doing business as LANDMARK STEAKHOUSE, a California corporation ("Answering Defendant"), for itself alone, answers the complaint of Plaintiff, Mark McHenry ("Plaintiff"), as follows:

ANSWER TO PRELIMINARY STATEMENT

1. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 1 of the complaint, and therefore denies them. The allegations in paragraph 1 of the complaint are legal conclusions.

ANSWER TO PARTIES

2. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraphs 2 and 4 of the complaint, and therefore denies them. The allegations in paragraphs 2 and 4 of the complaint are legal conclusions.

3. Answering Defendant denies the allegations contained within paragraphs 3 and 5 of the complaint. The allegations in paragraphs 3 and 5 of the complaint are legal conclusions.

ANSWER TO JURISDICTION AND VENUE

4. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraphs 6 and 7 of the complaint, and therefore denies them. The allegations in paragraphs 6 and 7 of the complaint are legal conclusions.

ANSWER TO "FACTUAL" BACKGROUND

5. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraphs 8 through 13 inclusive, 15, 17, 19, 21 through 48 inclusive, and 52 of the complaint, and therefore denies them.

6. Answering Defendant denies the allegations contained within paragraphs 14, 49, 50 and 51 of the complaint.

7. Answering Defendant admits the allegations contained within paragraphs 16 and 18 of the complaint.

ANSWER TO FIRST CLAIM FOR FEDERAL RACE DISCRIMINATION – VIOLATION OF 42 U.S.C. § 2000a(a)

8. Answering paragraph 53 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 52 of the complaint, inclusive.

///

9. Answering Defendant denies the allegations contained within paragraph 54 of the complaint to the extent that it deviates from the actual language of 42 U.S.C. section 2000a.

10. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 55 and 56 of the complaint, and therefore denies them. The allegations contained in paragraph 55 and 56 of the complaint are legal conclusions.

11. Answering Defendant denies the allegations contained within paragraphs 57, 58, 59 and 60 of the complaint. The allegations in these paragraphs are legal conclusions.

ANSWER TO SECOND CLAIM FOR FEDERAL RACE DISCRIMINATION – VIOLATION OF 42 U.S.C. § 1981

12. Answering paragraph 61 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 60 of the complaint, inclusive.

13. Answering Defendant denies the allegations contained within paragraph 64 of the complaint to the extent that it deviates from the actual language of 42 U.S.C. section 1981.

14. Answering Defendant admits the allegations contained within paragraph 63 of the complaint.

15. Answering Defendant denies the allegations contained within paragraph 64, 65, 66 and 67 of the complaint. The allegations in these paragraphs are legal conclusions.

ANSWER TO THIRD CLAIM FOR FEDERAL RACE DISCRIMINATION – VIOLATION OF 42 U.S.C. § 1985

16. Answering paragraph 68 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 67 of the complaint, inclusive.

17. Answering Defendant denies the allegations contained within paragraphs 69, 70, 71, 72 and 73 of the complaint. The allegations in these paragraphs are legal conclusions.

ANSWER TO FOURTH CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE § 51(n)

18. Answering paragraph 74 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 73 of the complaint, inclusive.

19. Answering Defendant denies the allegations contained within paragraphs 75, 78, 79, 80 and 81 of the complaint. The allegations in these paragraphs are legal conclusions.

20. Answering Defendant admits the allegations contained within paragraph 77 of the complaint.

21. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 76 of the complaint, and therefore denies them.

ANSWER TO FIFTH CLAIM FOR LIBEL PER SE

22. Answering paragraph 82 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 81 of the complaint, inclusive.

23. Answering Defendant denies the allegations contained within paragraphs 83, 84, 85, 86, 87 and 88 of the complaint. The allegations in these paragraphs are legal conclusions.

ANSWER TO SIXTH CLAIM FOR LIBEL PER QUOD

24. Answering paragraph 89 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 88 of the complaint, inclusive.

///

25. Answering Defendant denies the allegations contained within paragraphs 90, 91, 92, 93, 94 and 95 of the complaint. The allegations in these paragraphs are legal conclusions.

ANSWER TO SEVENTH CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Answering paragraph 96 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 95 of the complaint, inclusive.

27. Answering Defendant denies the allegations contained within paragraphs 97, 98, 100, 101, 102, 103, 104 and 105 of the complaint. The allegations in these paragraphs are legal conclusions.

28. Answering Defendant lacks sufficient information and belief upon which to respond to the allegations contained within paragraph 99 of the complaint, and therefore denies them.

ANSWER TO EIGHTH CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. Answering paragraph 106 of the complaint, Answering Defendant incorporates by reference its responses to paragraphs 1 through 105 of the complaint, inclusive.

30. Answering Defendant denies the allegations contained within paragraphs 107, 108, 109, 110, 111 and 112 of the complaint. The allegations in these paragraphs are legal conclusions.

FIRST AFFIRMATIVE DEFENSE

31. The complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action.

///

///

///

SECOND AFFIRMATIVE DEFENSE

32. The acts alleged in the complaint of a single bartender previously employed by Answering Defendant would have been outside of the course and scope of the employment of that individual and beyond his authorization to act on behalf of Answering Defendant.

THIRD AFFIRMATIVE DEFENSE

33. Plaintiff was never discriminated against by Answering Defendant. On the contrary, Plaintiff regularly received special favorable treatment as befitted a regular customer of Answering Defendant, with no consideration or motivation in any way associated with Plaintiff's race.

FOURTH AFFIRMATIVE DEFENSE

34. There was no ratification at any time by Answering Defendant of the alleged isolated acts of the single bartender formerly employed by Answering Defendant, which acts were not known to or approved by Answering Defendant. Any such acts would have been expressly contrary to the corporate policies of Answering Defendant, which Answering Defendant has made good faith efforts to implement and enforce. If such acts occurred, they were promptly addressed when the issue first came to Answering Defendant's attention.

FIFTH AFFIRMATIVE DEFENSE

35. The damages alleged by Plaintiff, if any exist, were caused or contributed to by persons other than Answering Defendant, including Plaintiff himself, and any judgment against Answering Defendant for damages should be reduced proportionately to the degree of wrongdoing and contribution by said other persons.

SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff did not suffer any damages as a result of any act or omission on the part of Answering Defendant.

///

SEVENTH AFFIRMATIVE DEFENSE

37. Plaintiff is not entitled to punitive damages, and any allegations in support of a claim for punitive damages should be stricken, since Answering Defendant did not engage in the conduct referred to in the complaint and did not ratify that conduct or even learn of it until after this lawsuit was filed. Indeed, Answering Defendant had express policies in place to avoid the conduct alleged, and had taken good-faith steps to implement and enforce said policies. There is no vicarious liability for punitive damages under these circumstances.

EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff is not entitled to recover any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because the California and federal laws relied upon by Plaintiff are too vague to permit the imposition of punitive damages. Any award of punitive damages under these circumstances would violate Answering Defendant's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eight Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

NINETH AFFIRMATIVE DEFENSE

39. The statements purportedly made by the bartender, while inappropriate and not condoned by Answering Defendant if in fact they were made, were intended to be in jest, and were in the context of ongoing mutual behavior between Plaintiff and the bartender, such that these statements were made as jokes rather than with malicious intent.

TENTH AFFIRMATIVE DEFENSE

40. Plaintiff has waived the causes of action set forth in the complaint by reason of Plaintiffs' own actions and course of conduct.

///

ELEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff is estopped from asserting the causes of action set forth in the complaint by reason of Plaintiff's own actions and course of conduct.

TWELTH AFFIRMATIVE DEFENSE

42. The statements made concerning Plaintiff, if any, were made with the implied consent of Plaintiff in the context of ongoing communications between him and the bartender. Specifically, Plaintiff's own common use of the racial slurs of which he now complains implied that he consented to their use.

THIRTEENTH AFFIRMATIVE DEFENSE

43. There was no publication by Answering Defendant to third parties of any of the statements alleged in the complaint, and to the extent that any such publication occurred, it was by Plaintiff himself in showing the statements to third parties, including the press.

FOURTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff has failed to mitigate his damages and instead has taken steps to increase them by publishing the racial slurs alleged in the complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

45. To the extent that any of the statements referred to in the complaint were made, they were made by a single bartender formerly employed by Answering Defendant without any feelings of hatred or ill will towards Plaintiff. To the contrary, they were made in the course of humor and jest, however ill advised and inappropriate they may have been, and thus did not carry any defamatory meaning.

///

///

///

///

///

SIXTEENTH AFFIRMATIVE DEFENSE

46. Answering Defendant alleges that at no time prior to the filing of the complaint did it have any actual or constructive notice or knowledge of any unlawful or discriminatory conduct by any of its agents or representatives, if any occurred. Indeed, Answering Defendant only learned of such allegations by means of the filing of this lawsuit and contact by press representatives who were contacted by Plaintiff or his representatives.

SEVENTEENTH AFFIRMATIVE DEFENSE

47. The statements alleged in the complaint are privileged, and therefore do not constitute actionable libel.

EIGHTEENTH AFFIRMATIVE DEFENSE

48. However offensive and repugnant among civilized people, slurs are not defamatory, as they are vernacular for describing group identity. Insofar as Plaintiff belongs to any group described by any slurs that may have been used, the statements are true, although Answering Defendant does not condone the use of any slurs. Insofar as Plaintiff does not belong to any group described by any slurs that may have been used, racial misidentification is not actionable defamation.

NINETEENTH AFFIRMATIVE DEFENSE

49. Any statements that may have been made relating to Plaintiff's hygiene or odor were independent judgments of Plaintiff unrelated to Plaintiff's race. To that extent, any statements that may have been made relating to Plaintiff's hygiene or odor were true.

TWENTIETH AFFIRMATIVE DEFENSE

50. Plaintiff may not recover damages in this action because under the circumstances presented said alleged damages would constitute unjust enrichment.

TWENTY-FIRST AFFIRMATIVE DEFENSE

51. The complaint, and each of its causes of action, is barred by the doctrine of laches.

TWENTY-SECOND AFFIRMATIVE DEFENSE

52. The complaint, and each of its causes of action, is barred by the doctrine of unclean hands.

TWENTY-THIRD AFFIRMATIVE DEFENSE

53. The complaint, and each of its causes of action, is barred, in whole or in part, by the after-acquired evidence doctrine.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

54. The complaint, and each of its causes of action, is barred, because all of Answering Defendant's actions with respect to Plaintiffs were taken solely for legitimate business-related reasons unrelated to race.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

55. The complaint, and each of its causes of action, is barred by the avoidable consequences doctrine because Plaintiff failed to exercise reasonable care and diligence to avoid harm or loss that reasonably could have been prevented by such reasonable efforts.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

56. Answering Defendant alleges that this Court lacks subject matter jurisdiction over the allegations and claims set forth in the complaint.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

57. Answering Defendant alleges that Plaintiff lacks standing to assert the claims and allegations set forth in the complaint.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

58. Answering Defendant alleges that the complaint is uncertain and ambiguous as to Plaintiffs' claims for damages against Answering Defendant.

TWENTY-NINETH AFFIRMATIVE DEFENSE

59. Answering Defendant alleges that the alleged damages set forth in the complaint are speculative, conjecture, and are not sufficiently certain to support an award of damages.

THIRTIETH AFFIRMATIVE DEFENSE

60. Answering Defendant alleges that the alleged statements are not actionable since they are protected by the First Amendment to the United States Constitution.

THIRTY-FIRST AFFIRMATIVE DEFENSE

61. Answering Defendant alleges that the damages suffered by Plaintiff, if any, were caused not by any act or omission of Answering Defendant, but rather by Plaintiff's own negligence.

THIRTY-SECOND AFFIRMATIVE DEFENSE

62. Answering Defendant alleges that Plaintiff's causes of action are barred by the applicable statutes of limitations.

THIRTY-THIRD AFFIRMATIVE DEFENSE

63. Answering Defendant alleges that Plaintiff's causes of action are barred by Plaintiff's failure to exhaust his administrative remedies.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

64. Answering Defendant alleges that additional defenses may be available to Answering Defendant which cannot be asserted at this time due to Plaintiff's failure to particularize his claims in the complaint, and due to the fact that discovery and investigation are ongoing. Answering Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon discovery of further information concerning the alleged events and damages claimed, and upon the development of other pertinent information.

///

///

///

///

///

WHEREFORE, Answering Defendant prays judgment as follows:

1. That Plaintiff take nothing by this action as against Answering Defendant;

2. For costs of suit herein incurred; and

3. For such other and further relief as the court deems just and proper.

Respectfully submitted,

RIDOUT & LYON, LLP

Dated: April 21, 2011

By: ______________________

CHRISTOPHER P. RIDOUT, ESQ.
DEVON M. LYON, ESQ.
BRIAN D. JOHNSON, ESQ.
Attorneys for Defendants
**CDM RESTAURANT, INC., doing business as LANDMARK STEAKHOUSE, a California Corporation**

# PROOF OF SERVICE

**RE: MCHENRY v. CDM RESTAURANT, INC. (Case No. CV11-2636 JHN)**

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is RIDOUT & LYON, LLP., 555 E. Ocean Boulevard, Suite 500, Long Beach, CA 90802.

On **April 21, 2011**, I served the foregoing document(s) described as:

- **ANSWER TO COMPLAINT**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

**SEE ATTACHED PROOF OF SERVICE LIST**

___ **VIA OVERNIGHT MAIL:**
VIA FEDEX: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

___ **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under the practice such sealed envelope(s) would be deposited with the U.S. postal service on **April 21, 2011**with postage thereon fully prepaid, as Long Beach, California.

___ **VIA PERSONAL DELIVERY:**
I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

_x_ **VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Orders and Local Rules, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 21, 2011**, I checked the CM/ECF docket for this case and determined that the person(s) listed in the Proof of Service List are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **April 21, 2011**, at Long Beach, California.

JULIE SAUNDERS

## PROOF OF SERVICE LIST

| | |
|---|---|
| Stuart A. Shanus, Esq.<br>sshanus@reedsmith.com<br>Miles M. Cooley, Esq.<br>mcooley@reedsmith.com<br>Rachel A. Rubin, Esq.<br>rrubin@reedsmith.com<br>**REED SMITH, LLP.**<br>1901 Avenue of the Stars, Suite 700<br>Los Angeles, CA 90067<br>(310) 734-5200<br>(310) 734-5299 Facsimile<br><br>**Attorney for Plaintiff,**<br>MARK MCHENRY | |